IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TARAS LYSSENKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 6678 |
| | ) | |
| INTERNATIONAL TITANIUM POWDER, LLC and STANLEY BORYS, | ) ) ) | Judge Robert W. Gettleman |
| | ) | Magistrate Judge Martin C. |
| | ) | Ashman |
| Defendants. | ) | |

**DEFENDANT INTERNATIONAL TITANIUM POWDER, L.L.C.'S
MOTION TO DISMISS**

Defendant International Titanium Powder, L.L.C. ("ITP"), through its attorneys, respectfully requests that this Court dismiss with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), Counts II, III, IV, and VI of Plaintiff's Complaint and Jury Demand. In support of its Motion, Defendant states as follows:

1. Plaintiff Taras Lyssenko ("Lyssenko") asserts a number of claims against his former employer, ITP, as well as against ITP's Chairman and CEO, Stanley S. Borys.

2. Lyssenko's allegations arise out of the termination of his employment with ITP in August 2007, as well as alleged subsequent events.

3. Plaintiff's unjust enrichment claim should be dismissed as a result of his own allegations. Plaintiff alleges the existence of an express contract and he acknowledges that he has already been compensated for the services he claims to have performed for Defendant, both of which bar a claim for unjust enrichment.

4.  Plaintiff's allegations of retaliatory discharge should be dismissed because Plaintiff cites no applicable public policy nor does he state how he had reason to believe that any of Defendant's actions violated a public policy.

5.  Plaintiff's one allegedly defamatory statement is not actionable defamation *per se*, because it does not have a precise and readily understood meaning and because it does not state a verifiable fact.

6.  Plaintiff's Uniform Deceptive Trade Practices Act ("UDTPA") claim should be dismissed because Plaintiff fails to allege any misstatement of fact and any facts to indicate the likelihood of future wrongdoing.  Moreover, the UDTPA does not proscribe statements arising out of an employment context.

WHEREFORE, for the foregoing reasons and the reasons stated in the accompanying Memorandum in Support of this Motion, Defendant International Titanium Powder respectfully requests that this Court dismiss Counts II, III, IV, and VI of Plaintiff's Complaint with prejudice, and grant such other relief as the Court may consider just.

Dated:  December 21, 2007                Respectfully submitted,


/s/     Matthew D. Lahey

Matthew D. Lahey
Lee Ann Rabe
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
(312) 258-5500
(312) 258-5600

*Attorneys for Defendant International Titanium Powder, L.L.C.*

CH2\2240814.1