**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TARAS LYSSENKO, | |
| Plaintiff, | |
| v. | Case No.  07 C 6678 |
| INTERNATIONAL TITANIUM POWDER, LLC and STANLEY BORYS, | Judge Robert W. Gettleman |
| Defendants. | Magistrate Judge Martin C. Ashman |

## PLAINTIFF LYSSENKO'S ANSWER TO COUNTERCLAIM

Plaintiff Counter-Defendant Taras Lyssenko ("Lyssenko"), by his attorneys, Anthony J. Carballo and Gia F. Colunga of Freeborn & Peters LLP, in answer to Defendant's International Titanium Powder, LLC ("ITP") Counterclaim states as follows:

### The Parties

1. Counter-plaintiff ITP is an Illinois limited liability company with its principal place of business at 20634 W. Gaskin Drive, Lockport, Illinois 60441. ITP's members are Titanium Company of America, L.L.C., which was organized in Illinois, and Prairie Oak Capital Fund 1, L.L.C., which was organized in Iowa.

**ANSWER:** Lyssenko admits that ITP is an Illinois limited liability company with its principal place of business at 20634 W. Gaskin Drive, Lockport, Illinois 60441, but is without knowledge or information sufficient to form a belief as the truth or falsity of the remaining allegations in this paragraph and, therefore, denies those allegations.

2. Counter-defendant Lyssenko was formerly employed by ITP as its Director of Government Relations and Business Development and, upon information and belief, is a citizen of Michigan.

**ANSWER:** Lyssenko admits that he was formerly working for ITP as its Director of Government Relations and Business Development and is a citizen of Michigan.

## Jurisdiction And Venue

3.     Based on Lyssenko's representations in his Complaint regarding his citizenship, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER:**     Lyssenko admits the allegations contained in this paragraph.

4.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(a).

**ANSWER:**     Lyssenko admits the allegations contained in this paragraph.

## Background

5.     ITP was formed in 1997 to produce titanium and titanium alloys at a cost and quantity that would transform military and international commercial markets.  To do so, ITP obtained patents to the Armstrong Process, a proprietary breakthrough technological process for the manufacture of titanium powder, from Kroftt-Brakston International, Inc.

**ANSWER:**     Lyssenko admits the allegations contained in this paragraph.

6.     Titanium is a versatile produce with numerous applications in both military and civilian markets.  For example, titanium is resistant to corrosion and can withstand high temperatures.  Titanium is also biocompatible, rendering it ideal for use in medical implants.

**ANSWER:**     Lyssenko admits the allegations contained in this paragraph.

7.     To commercialize the Armstrong Process and otherwise make titanium a low-cost alternative for its clients, ITP obtained private funding through equity investors and loan agreements, and also sought government funding.

**ANSWER:**     Lyssenko admits the allegations contained in this paragraph.

8.     In early 2004, ITP hired Lyssenko at a fixed salary to assist ITP in its ongoing efforts to secure government funding.  Lyssenko's assigned duties also included business development efforts on behalf of ITP.

**ANSWER:**     Lyssenko admits that ITP hired him to secure government funding for ITP and his assigned duties included business development efforts on behalf of ITP.  Lyssenko denies that ITP hired Lyssenko at a fixed salary in early 2004, and also denies the remaining allegations in this paragraph.

**<u>Count I: Breach of Fiduciary Duty</u>**

9.    Counter-plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1 through 8, as if fully restated herein.

**<u>ANSWER</u>:**    Lyssenko repeats, realleges, and incorporates his responses to all allegations contained in paragraphs 1 – 8 as though fully set forth herein.

10.    From early 2004 through August 2007, Lyssenko was an employee of ITP.

**<u>ANSWER</u>:**    Lyssenko admits that he worked for ITP from 2002 through August 2007 and denies the remaining allegations in this paragraph.

11.    During his employment with ITP, Lyssenko was paid a salary by ITP.

**<u>ANSWER</u>:**    Lyssenko admits that ITP paid him a monthly salary starting at some point in 2004 when Lyssenko and ITP modified their agreement, such that ITP was required to pay Lyssenko compensation in an amount equal to five percent of all governmental funding obtained, but that ITP could pay down the total amount owed to Lyssenko via installment payments of a monthly salary, health insurance, and FICA while ITP's cash flow remained low.    Lyssenko denies the remaining allegations in this paragraph.

12.    During his employment with ITP, Lyssenko was ITP's Director of Government Relations and Business Development.  Lyssenko's assigned duties included contacting members of Congress and various governmental entities on behalf of ITP, to help secure federal funding. In addition, Lyssenko carried out some business development efforts on behalf of ITP and attended industry conferences on behalf of ITP.

**<u>ANSWER</u>:**    Lyssenko admits that he was ITP's Director of Government Relations and Business Development, his assigned duties included contacting members of Congress and various governmental entities on behalf of ITP to secure federal funding, and he carried out business development efforts on behalf of ITP and attended industry conferences on behalf of ITP.  Lyssenko denies that such duties and tasks were the only duties required of him and the

- 3 -

only tasks completed by him while working for ITP, and denies the remaining allegations in this paragraph.

13.     As an employee of ITP, Lyssenko owed ITP a fiduciary duty of loyalty.

**ANSWER:**     This paragraph sets forth a legal conclusion to which no response is required, and, to the extent a response is required, Lyssenko denies the allegations contained in this paragraph.

14.     Lyssenko breached that duty by providing services, during his employment with ITP, to direct competitors of ITP and to entities who competed for federal funding with ITP.

**ANSWER:**     This paragraph sets forth a legal conclusion to which no response is required, and, to the extent a response is required, Lyssenko denies the allegations contained in this paragraph.

15.     For example, during his employment with ITP, Lyssenko performed work for ADMA, among other entities, that were direct competitors of ITP and/or competed for the same federal funding with ITP.

**ANSWER:**     Lyssenko admits that while working for ITP, and with ITP's knowledge and support, he performed work for ADMA and other entities, but denies that ADMA and such other entities were direct competitors of ITP and/or competed for the same federal funding, and denies the remaining allegations in this paragraph.

16.     Also during his employment with ITP, Lyssenko was a registered agent lobbyist for ADMA, a direct competitor of ITP and a competitor for federal funding with ITP. On information and belief, in his role as a lobbyist for ADMA, and during his employment with ITP, Lyssenko secured federal funding for ADMA to purchase equipment related to a part of the titanium production process, while knowing that the funding and equipment would have been valuable to ITP.

**ANSWER:**     Lyssenko admits that while working with ITP, he performed government relations and business development efforts for ADMA, with the knowledge and approval of ITP, and admits that ADMA received government funding as a result of Lyssenko's work. Lyssenko

denies that ADMA is a direct competitor of ITP, denies that ADMA competed with ITP for the

same federal funding as ITP, and denies that his work for ADMA ever prevented ITP from

receiving valuable funding or equipment.    Lyssenko denies the remaining allegations in this

paragraph.

      17.    Upon information and belief, these breaches continued throughout Lyssenko's
employment with ITP.

**ANSWER:**    This paragraph sets forth a legal conclusion to which no response is required,

and, to the extent a response is required, Lyssenko denies the allegations contained in this

paragraph.

      18.    Lyssenko further breached his fiduciary duty to ITP by engaging in conduct,
without ITP's knowledge or consent, that was counter to ITP's best interests, including but not
limited to diverting an ITP 2007 federal funding request from an Army line item to a Title III
request, which greatly increased the risk of losing the funding.

**ANSWER:**    This paragraph sets forth a legal conclusion to which no response is required,

and, to the extent a response is required, Lyssenko denies the allegations contained in this

paragraph.

      19.    As a result of Lyssenko's breaches of his fiduciary duty, ITP has been damaged,
through loss of or reduction in federal funding and through payment of Lyssenko's salary during
a time when he was in breach of his fiduciary duties.

**ANSWER:**    Lyssenko denies the allegations contained in this paragraph.

      WHEREFORE, Counter-plaintiff ITP respectfully requests that this Court grant it the
following relief:
      a.    Award ITP damages for all compensable injuries and for all Counter-defendant's
unjust enrichment, including but not limited to disgorgement of all salary and benefits paid to
Counter-defendant during the time of his breach of fiduciary duty, in an amount to be proven at
trial but currently believed to exceed $400,000;
      b.    Award ITP exemplary and punitive damages in an amount to be proven at trial;
      c.    Assess and award ITP interest upon the damages awarded, including prejudgment
interest; and
      d.    Grant ITP any and all other relief it deems just, including costs and fees.

**ANSWER:**    Lyssenko denies the allegations contained in this paragraph, including all subparts therein.

### Count II:  Conversion

20.    Counter-plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1 through 19, as if fully restated herein.

**ANSWER:**    Lyssenko repeats, realleges, and incorporates his responses to all allegations contained in paragraphs 1 – 19 as though fully set forth herein.

21.    In 2004, ITP provided Lyssenko with a laptop computer for use in connection with his employment by ITP.

**ANSWER:**    Lyssenko admits that ITP provided Lyssenko with a laptop computer in 2004 for use in connection with his work for ITP, but denies that ITP required Lyssenko to use the laptop solely for ITP purposes.

22.    From 2004 through the end of his employment with ITP, Lyssenko continued to use a laptop computer provided by ITP, or a laptop purchased with ITP funds, in connection with his duties for ITP.  Lyssenko received email from ITP, and related to his duties for ITP, on an ITP laptop.  Lyssenko also stored and created documents necessary to carry out his duties for ITP on an ITP laptop.

**ANSWER:**    Lyssenko admits that from 2004 until an unknown person stole it, Lyssenko used a laptop computer provided by ITP in connection with his duties for ITP, received email from ITP and related to his duties for ITP on that computer, and stored and created documents necessary for carrying out his duties for ITP on that computer.  Lyssenko denies that he used an ITP laptop computer until the end of his work for ITP, denies that he possessed a laptop purchased with ITP funds other than the laptop computer provided to him by ITP in 2004, and denies the remaining allegations of this paragraph.

23.    Any laptop provided by ITP or purchased with ITP funds was the property of ITP. While an ITP laptop was in the possession of Lyssenko, it was his responsibility.

**ANSWER:**    This paragraph sets forth a legal conclusion to which no response is required, and, to the extent a response is required, Lyssenko denies the allegations contained in this paragraph.

24.    Upon the termination of Lyssenko's employment with ITP, ITP demanded that Lyssenko return ITP's laptop computer.

**ANSWER:**    Lyssenko admits that upon the termination of his work for ITP, ITP demanded that Lyssenko provide ITP with the laptop computer that he possessed, but denies that said laptop computer was ITP's laptop computer, and further denies the remaining allegations of this paragraph.

25.    Lyssenko refused to return ITP's computer.

**ANSWER:**    Lyssenko admits that he refused to provide ITP with the laptop computer in his possession, but denies that said laptop computer was ITP's laptop computer, and further denies the remaining allegations of this paragraph.

WHEREFORE, Counter-plaintiff ITP respectfully requests that this Court grant it the following relief:

a.    Award ITP damages for all compensable injuries, in an amount to be proven at trial;

b.    Award ITP exemplary and punitive damages in an amount to be proven at trial;

c.    Assess and award ITP interest upon the damages awarded, including prejudgment interest; and

d.    Grant ITP any and all other relief it deems just, including costs and fees.

**ANSWER:**    Lyssenko denies the allegations contained in this paragraph, including all subparts therein.

## Count III:  Breach of Contract

26.    Counter-plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1 through 25, as if fully restated herein.

**ANSWER:**    Lyssenko repeats, realleges, and incorporates his responses to all allegations contained in paragraphs 1 – 25 as though fully set forth herein.

27.     In April 2005, Lyssenko signed an Employment Agreement with ITP.

**ANSWER:**     Lyssenko admits that in April 2005 he signed an agreement entitled "International

Titanium Powder, Inc. Employment Agreement," but denies that he first began working for ITP

at that time, and denies the remaining allegations of this paragraph.

28.     The Employment Agreement, in part, required Lyssenko to keep confidential the
business and proprietary information he had access to in the course of his employment with ITP.
Further, upon request of ITP, Lyssenko was required to return all confidential ITP documents.

**ANSWER:**     This paragraph sets forth a legal conclusion to which no response is required,

and, to the extent a response is required, Lyssenko denies the allegations contained in this

paragraph.

29.     Upon information and belief, the ITP laptop that was used by Lyssenko contained
confidential ITP documents and information related to, among other things, congressional
requests, ITP customers and clients, ITP contracts, and ITP commitments.

**ANSWER:**     Lyssenko admits that the laptop computer that he currently possesses and

previously used in part in connection with his work for ITP contains some information relating to

ITP, but denies that said laptop computer is ITP's laptop computer, denies the information

relating to ITP is confidential, and denies the remaining allegations contained in this paragraph.

30.     When Lyssenko's employment with ITP ended, ITP requested that Lyssenko
return the laptop to ITP.

**ANSWER:**     Lyssenko admits that upon the termination of his work for ITP, ITP requested that

Lyssenko provide ITP with the laptop computer that he possessed, but denies that said laptop

computer is ITP's laptop computer, and further denies the remaining allegations of this

paragraph.

31.     Lyssenko refused to return the laptop, and has returned neither the laptop nor any
confidential documents or information to ITP.

**ANSWER:**   Lyssenko admits that he refused to provide ITP with the laptop computer in his possession and states that he did offer to permit an ITP representative to delete files from said laptop computer, but denies that said laptop computer is ITP's laptop computer, denies that the laptop contains confidential documents or information, and denies the remaining allegations of this paragraph.

32.   Lyssenko has therefore breached his Employment Agreement with ITP.

**ANSWER:**   This paragraph sets forth a legal conclusion to which no response is required, and, to the extent a response is required, Lyssenko denies the allegations contained in this paragraph.

33.   As a result of Lyssenko's breach of his Employment Agreement, ITP has been damaged.

**ANSWER:**   Lyssenko denies the allegations contained in this paragraph.

WHEREFORE, Counter-plaintiff ITP respectfully requests that this Court grant it the following relief:
   a.   Award ITP damages for all compensable injuries, in an amount to be proven at trial;
   b.   Assess and award ITP interest upon the damages awarded, including prejudgment interest; and
   c.   Grant ITP any and all other relief it deems just, including costs and fees.

**ANSWER:**   Lyssenko denies the allegations contained in this paragraph.

## LYSSENKO'S AFFIRMATIVE DEFENSES

Plaintiff Counter-Defendant, Taras Lyssenko ("Lyssenko"), by his attorneys, Anthony J. Carballo and Gia F. Colunga of Freeborn & Peters LLP, asserts the following Affirmative Defenses to International Titanium Powder, LLC's ("ITP") Counterclaim:

## AFFIRMATIVE DEFENSE NO. 1: STATUTE OF LIMITATIONS

Count I against Lyssenko is barred in whole or in part by the applicable statute of limitations.

- 9 -

## AFFIRMATIVE DEFENSE NO. 2: ESTOPPEL

ITP's claims against Lyssenko are barred in whole or in part by the doctrine of estoppel.

## AFFIRMATIVE DEFENSE NO. 3: LACHES

ITP's claims against Lyssenko are barred in whole or in part by the doctrine of laches.

## AFFIRMATIVE DEFENSE NO. 4: UNCLEAN HANDS

ITP's claims against Lyssenko are barred in whole or in part by the doctrine of unclean hands.

## AFFIRMATIVE DEFENSE NO. 4: GOOD FAITH

ITP should not be awarded damages because Lyssenko acted in the good-faith belief that his actions were proper.

## AFFIRMATIVE DEFENSE NO. 5: SET OFF

To the extent that ITP recovers any amount for its claims, such amount must be set off, or reduced, by the amount paid by Lyssenko regarding the laptop computer and the amount owed still to Lyssenko per the terms of his agreement with ITP.

## AFFIRMATIVE DEFENSE NO. 6: FAILURE TO MITIGATE

ITP failed to mitigate its damages, if any.

* * *

WHEREFORE, Plaintiff Counter-Defendant, Taras Lyssenko, requests judgment as follows:

1.     That Defendant ITP's Counterclaim be dismissed with prejudice in its entirety;

2.     That judgment be entered in favor of Lyssenko and against ITP;

3.     That Lyssenko be awarded all costs incurred in defending the Counterclaim; and

4.     That this Court award further relief to Lyssenko as it deems just and proper.

- 10 -

Respectfully submitted,

TARAS LYSSENKO

By: /s/   Gia F. Colunga
            One of His Attorneys

Anthony J. Carballo
Gia F. Colunga
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606-6677
312.360.6000

Dated: February 11, 2008

1456829v2

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record for Plaintiff Taras Lyssenko, certifies that she caused a copy of Plaintiff Lyssenko's Answer to Counterclaim to be served on upon:

> Matthew D. Lahey
> Lee Ann Rabe
> Schiff Hardin LLP
> 6600 Sears Tower
> Chicago, Illinois 60606
> mlahey@schiffhardin.com
> lrabe@schiffhardin.com

via the Court's electronic filing system.

/s/    Gia F. Colunga