**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TARAS LYSSENKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 6678 |
| | ) | |
| INTERNATIONAL TITANIUM POWDER, LLC and STANLEY BORYS, | ) ) ) | Judge Robert W. Gettleman |
| | ) | Magistrate Judge Martin C. |
| | ) | Ashman |
| Defendants. | ) | |

**PARTIES' JOINT STATUS REPORT**

Pursuant to this Court's Case Management Procedures, Plaintiff Taras Lyssenko and Defendants International Titanium Powder, LLC ("ITP") and Stanley Borys, by their counsel, submit this Joint Status Report.

    A.    The date and time this matter is set for a status report before the Court.

        The Court has scheduled a status conference for May 8, 2008 at 9:00 a.m.

    B.    The attorneys of record for each party, indicating which attorney is expected to try the case.

        Plaintiff Taras Lyssenko is represented by Anthony J. Carballo (lead counsel) and Gia F. Colunga, of Freeborn & Peters LLP, located at 311 South Wacker Drive, Suite 3000, Chicago, Illinois 60606-6677.  Defendants ITP and Stanley Borys are represented by Matthew D. Lahey (lead counsel) and Lee Ann Rabe, or Schiff Hardin LLP, located at 6600 Sears Tower, Chicago, IL 60606.

C. The basis of federal jurisdiction.

Plaintiff asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

D. Whether a jury has been requested and by which party.

A jury has been requested by Plaintiff Lyssenko and by Counter-Plaintiff, ITP.

E. The nature of the claims asserted in the complaint and any counterclaim, including a brief statement of the factual context of the case.

Plaintiff asserts a claim against ITP for breach of contract. Lyssenko claims that ITP agreed to pay him compensation in an amount equal to five percent of all government funding obtained for ITP through Lyssenko's government relations and marketing efforts. While ITP provided certain payments and benefits to Lyssenko during the course of his employment, Lyssenko claims that ITP breached its contract by failing to pay Lyssenko the full amount owed to him equal to five percent of all government funding he obtained for ITP.

Lyssenko also brings claims of unjust enrichment and retaliatory discharge against ITP, and defamation *per se* and a violation of the Uniform Deceptive Trade Practices Act ("UDTPA") against ITP and Stanley Borys. ITP and Stanley Borys have filed motions to dismiss these claims, which are fully briefed and awaiting a ruling.

In its Counterclaim, ITP alleges that Lyssenko has breached his fiduciary duties to ITP by providing services to direct competitors of ITP and to entities who competed for federal funding with ITP, while employed by ITP as a Director of Government Relations and Business Development. ITP further alleges causes of action for conversion, related to a laptop computer, and breach of contract, related to Lyssenko's alleged act of retaining ITP's confidential

documents and information subsequent to this end of his employment with ITP.

  F. The relief sought by any party, including computation of damages, if available.

   Plaintiff Lyssenko seeks compensatory damages (related to his brief of contract, retaliatory discharge, and defamation *per se* claims), restitution (related to his unjust enrichment claim), punitive damages (related to his retaliatory discharge and defamation *per se* claims), injunctive relieve (related to his defamation *per se* and UDTPA claims), interest (related to all claims except his UDTPA claim), and costs (related to all claims).

   Counter-Plaintiff ITP seeks disgorgement of all salary and benefits paid to Lyssenko (related to its breach of fiduciary duty claim), compensatory damages (related to all claims), exemplary and punitive damages (related to its breach of fiduciary duty and conversion claims), and interest, costs and fees (related to all claims).

  G. The name of any party who or which has not been served, and any fact or circumstance related to service of process on such party.

   None at this time.

  H. The principle legal issue (including the citation to any key legal authority related to such issue).

   Lyssenko's claims – breach of contract (against ITP), unjust enrichment (against ITP), retaliatory discharge (against ITP), defamation *per se* (against ITP and Stanley Borys), and violations of the Uniform Deceptive Trade Practices Act (against ITP and Stanley Borys).

   ITP's claims – breach of fiduciary duty, conversion, and breach of contract.

I. The principal factual issues, including the parties' respective positions on those issues.

The parties agree that Plaintiff was employed by ITP for a period of time until August 2007, and that his duties while he was employed by ITP included seeking government funding on ITP's behalf. The parties also agree that ITP paid Lyssenko a salary for at least part of his employment with ITP.

Lyssenko asserts, and ITP denies, that ITP promised to pay Lyssenko compensation in an amount equal to five percent of all government funding obtained for ITP through his government relations and marketing efforts. Lyssenko asserts, and ITP denies, that Lyssenko was discharged in retaliation for his alleged inquires and challenges to ITP's alleged failure to use a public bidding system when awarding construction projects and failure to report such decision fully and truthfully. Lyssenko also asserts, and ITP and Stanley Borys deny. that Borys told a representative of the Office of the Secretary of Defense ("OSD") that Lyssenko was terminated from ITP because he "burned bridges" within the government.

ITP asserts, and Lyssenko, denies that Lyssenko provided services, during his employment with ITP, to direct competitors of ITP and to entities that competed for federal funding with ITP. ITP also asserts, and Lyssenko denies, that Lyssenko refused to return a laptop provided by ITP or that was purchased with ITP funds. Lastly, ITP asserts, and Lyssenko denies, that his laptop contained confidential ITP information or documents.

J. A brief description of all anticipated motions.

Defendants' motions to dismiss are currently pending.

The parties may file motions for summary judgment.

K.  A proposed discovery plan pursuant to Fed.R.Civ.P. 26(f), including a brief description of what discovery has been taken, if any, what remains to be taken, a schedule for expert designations and discovery, and a proposed discovery cutoff.

The parties will exchange the information required by Fed.R.Civ.P. 26(a)(1) by May 9, 2008.

No discovery has been taken to date.  The parties anticipate taking discovery on, among other things, the subjects listed in paragraph I above.  The parties propose the following discovery schedule:

The last date for completion of fact discovery – January 15, 2009.

Maximum of 25 interrogatories by each party to any other party.

Maximum of 25 requests for admission by each party to any other party.

Maximum of 10 depositions by Plaintiff, and a maximum of 10 depositions by Defendants collectively.

Disclosure of expert witnesses and initial expert reports will take place by February 15, 2009.  Rebuttal reports will be exchanged by April 15, 2009.  Expert discovery will be complete by May 15, 2009.

The last date for filing of all potentially dispositive motions is June 15, 2009.

L.  The earliest date the parties would be ready for trial and the probable length of trial.

The earliest date the parties would be ready for trial is July 2009, and at this time trial is expected to take approximately 4 days.

M.  The status of any settlement discussions and whether a settlement conference would be appropriate.  In this regard, counsel are directed to consider and discuss with their

respective clients and each other the possibility of attempting to resolve this matter through alternative dispute resolution (ADR), and to briefly set forth the results of such consideration and discussion.

Plaintiff and Defendants have already engaged in a settlement conference without reaching a settlement.

N.     Whether the parties will consent to trial before a magistrate judge.

The parties do not consent to trial before a magistrate judge at this time.

Dated: May 6, 2008                                              Respectfully submitted,


/s/     Anthony J. Carballo                              /s/     Matthew D. Lahey

Anthony J. Carballo                                      Matthew D. Lahey
Gia F. Colunga                                           Lee Ann Rabe
Freeborn & Peters LLP                                    Schiff Hardin LLP
311 South Wacker Drive, Suite 3000                       6600 Sears Tower
Chicago, IL 60606                                        Chicago, IL 60606
Ph: (312) 360-6000                                       Ph: (312) 258-5500
Fx: (312) 360-6994                                       Fx: (312) 258-5600

*Attorneys for Plaintiff Taras Lyssenko*                 *Attorneys for Defendants International Titanium Powder, LLC and Stanley Borys*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on May 6, 2008, he electronically filed the foregoing **Parties' Joint Status Report** with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to the following:

Anthony J. Carballo
Gia F. Colunga
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606-6677
(312) 360-6000
tcarballo@freebornpeters.com
gcolunga@freebornpeters.com

/s/     Matthew D. Lahey