IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARAS LYSSENKO,<br><br>      Plaintiff,<br><br>v.<br><br>INTERNATIONAL TITANIUM POWDER, LLC and STANLEY BORYS,<br><br>      Defendants. | Case No.  07 C 6678<br><br>Judge Robert W. Gettleman<br><br>Magistrate Judge Martin C. Ashman |

**PLAINTIFF LYSSENKO'S MOTION
FOR LEAVE TO FILE HIS FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15, Plaintiff Taras Lyssenko ("Lyssenko"), through his attorneys, moves this Court for leave to file his First Amended Complaint, attached hereto as Exhibit 1, and, in support, states as follows:

1.  On November 28, 2007, Lyssenko filed his Complaint against Defendant International Titanium Powder, LLC ("ITP") and Defendant Stanley Borys ("Borys"), asserting claims for breach of contract, unjust enrichment, retaliatory discharge, defamation *per se*, and violation of the Uniform Deceptive Trade Practices Act.

2.  Defendants subsequently moved to dismiss all of Lyssenko's claims except his breach-of-contract claim.

3.  On May 6, 2008, this Court ruled on Defendants' motions, granting and denying in part. In particular, the Court granted Defendants' request to dismiss the claims for unjust enrichment, retaliatory discharge, and violation of the Uniform Deceptive Trade Practices Act, but denied the request to dismiss the defamation *per se* claims.

4.  In reaching its decision regarding the retaliatory discharge claim, the Court stated that because Lyssenko's Complaint did "not allege that plaintiff was terminated for raising

concerns about ITP's financial disclosures or assert that ITP failed to make truthful financial disclosures, his argument and authorities" about the "public policy regarding truthful disclosure of financial information" are "irrelevant." (*See* 05/06/08 Order at 6, Docket No. 27.) As a result, Lyssenko requests leave to amend his complaint to plead that "plaintiff was terminated for raising concerns about ITP's financial disclosures" and "ITP failed to make truthful financial disclosures."

5.     Federal Rule of Civil Procedure 15 provides that a party may amend its pleading by leave of court and "leave shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The Seventh Circuit "has adopted a liberal policy respecting amendments to pleadings so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). Therefore, leave should "freely given" unless there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment. ..." *Foman*, 371 U.S. at 182.

6.     In the present case, permitting the amendment no doubt will serve the interests of justice and efficiency. The First Amended Complaint removes the unjust enrichment and violation of the Uniform Deceptive Trade Practices Act claims and clarifies Lyssenko's retaliatory discharge claim against ITP consistent with the Court's order. In no way does the proposed amendment change the breach-of-contract and defamation *per se* claims. This therefore will streamline the litigation, not create delays. In fact, the altered retaliatory-discharge claim discusses many of the same wrongful acts as alleged in the current complaint, so ITP could not claim surprise. Furthermore, neither party has conducted any depositions, and while the

parties have initiated written discovery, the responses to said discovery requests have not become due yet. The repled retaliatory-discharge claim thus does not prejudice Defendants. Finally, Lyssenko makes his request to refine and simplify the complaint in good faith. As such, justice requires that Lyssenko be given leave to file his First Amended Complaint.

WHEREFORE, Plaintiff Taras Lyssenko respectfully request that the Court grant this Motion and enter an Order giving Lyssenko leave to file his First Amended Complaint and for such other and further relief that this Court deems proper.

>
> Respectfully submitted,
>
> TARAS LYSSENKO
>
> By: /s/   Gia F. Colunga
> One of His Attorneys

Anthony J. Carballo
Gia F. Colunga
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606-6677
312.360.6000

Dated: June 11, 2008

1540820v2