# EXHIBIT A

Case 1:07-cv-06678　　Document 39-2　　Filed 06/16/2008　　Page 1 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARAS LYSSENKO, | |
| Plaintiff, | |
| v. | Case No. 07 C 6678 |
| INTERNATIONAL TITANIUM POWDER, LLC and STANLEY BORYS, | Judge Robert W. Gettleman |
| Defendants. | Magistrate Judge Martin C. Ashman |

## PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Court having been advised on the premises, the following Protective Order ("Order") is entered:

IT IS HEREBY ORDERED:

The purpose of this Order is to balance the parties' interests in pursuing legitimate avenues of discovery with the interests in limiting disclosure of sensitive and/or confidential information produced in this case, when the disclosure of such material may adversely affect the commercial, business, financial, or personal interests of the person or entity producing, or referenced in, the material.

1. **Designation of Documents and Information.**

   A.  Any party to this litigation may reasonably designate documents, and any exhibits attached to such documents, that contain sensitive and/or confidential information by placing the designation "Confidential" or the designation "Attorneys Eyes Only" on the face of each page of the relevant documents (collectively, "Protected Information"). "Confidential" material shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever and shall not, without prior notice to and consent of the designating party, be provided to, shown

to, made available to, or communicated to anyone except for (a) through (f) below. "Attorneys Eyes Only" material shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever and shall not, without prior notice to and consent of the designating party, be provided to, shown to, made available to, or communicated to anyone except for (b) through (f) below.

    (a)    Other parties to this action, including any employees of a party, except that disclosure to such parties shall be made only if, and to the extent, necessary for the conduct of this litigation;

    (b)    Counsel for the parties to this action and employees and agents of such counsel engaged in the preparation and/or evaluation of the prosecution and/or defense of this action;

    (c)    Any judicial officer of the court referenced above, any court to which this action might be transferred, and any appellate court; and any clerks and court reporters and members of the staff of such court, as that court deems appropriate;

    (d)    The reporter transcribing a deposition involving documents designated as Confidential or Attorneys Eyes Only, and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

    (e)    Any independent, non-party consultants or experts specially retained to assist counsel for the parties in the preparation and/or evaluation of the prosecution and/or defense of this action; and

    (f)    Any other person as to whom the parties in writing agree.

B.    "Confidential" information is information in oral, written, or electronically accessible form not generally available to the public, which may or may not include contracts and agreements with third parties, customer or vendor relationships, financial information, financial transactions, process or technological information, corporate strategies, business plans, and personal information, the disclosure of which could adversely affect the competitive advantages or position of a party or could violate individual privacy.

C.    "Attorneys Eyes Only" information is information in oral, written, or electronically accessible form that constitutes trade secrets or other information that has been kept confidential and would be of commercial value in the plaintiff's or defendants' industry, which may or may not include contracts and agreements with third-parties, information regarding business methods, modes, techniques, practices, forecasts, and plans, process or technological information, corporate strategies, and personal information, the disclosure of which would materially harm the competitive position of a party or of a non-party.

D.    Any party to this litigation may designate portions of any transcript of a deposition or hearing (including exhibits) that contain Protected Information with a statement to that effect on the record in the course of the deposition or hearing, if a good faith basis exists to do so. If portions of a transcript and/or exhibits to that transcript are designated as Protected Information, the words "Confidential" or "Attorneys Eyes Only" (whichever is appropriate) shall be marked on each page so designated. If no party designates any portion of the transcript and/or exhibits as containing Protected Information during the course of a deposition or hearing, counsel for a party shall be permitted in good faith to designate those portions of the transcript and exhibits containing Protected Information as either "Confidential" or "Attorneys Eyes Only" within thirty (30) days following receipt of the transcript of the deposition or hearing. Until such time, all parties shall treat such transcripts as "Confidential." If all or part of a videotaped deposition or hearing is designated as Protected Information, the DVD, videocassette, or other videotape container shall be labeled "Confidential" or "Attorneys Eyes Only" (whichever is appropriate).

E.    Any party may designate any documents in this litigation, whether produced by a party or a non-party, as Protected Information upon written notice to all other parties within

fourteen (14) days of the production of such documents. Until such time, all parties shall treat such documents and information as "Confidential." Upon receipt of such written notice, all parties shall mark all copies of the designated documents in their possession pursuant to paragraph 1A.

F. The inadvertent or unintentional failure by a party to designate specific documents or other materials as "Confidential" or "Attorneys Eyes Only" shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials. Upon notice to all other parties of such failure to designate, all parties shall, subject to Paragraph 1E, cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice, including agreeing to the entry of a court order sealing a document that should have been designated as Protected Information but was not. Failure to designate documents or other materials in accordance with this Order shall not preclude a party to this litigation from submitting a request to the Court at a later time seeking to impose such designation.

G. If any party to this litigation disputes the designation of any document or other materials (or portions thereof) as "Confidential", as defined in paragraph 1B, or as "Attorneys Eyes Only", as defined in paragraph 1C, that party shall give written notice to all other parties of such dispute in sufficient detail to identify the basis for such dispute. The parties shall attempt to resolve by agreement the question of whether or on what terms the documents or other materials are properly designated. If the parties are unable to agree as to whether the designated items are Protected Information, counsel for the party challenging the designation shall file an appropriate motion with the Court. Until a resolution of the dispute is achieved either through consent or by the Court, all parties shall treat the documents or information as Protected Information.

2. **Use of Protected Information.**

A. A party may object to the attendance at a deposition, or a portion thereof, of a person not designated in paragraph 1A(a-f) if it is reasonably expected that "Confidential" information will be discussed or disclosed at the deposition, or of a person not designated in paragraph 1A(b-f) if it is reasonably expected that "Attorneys Eyes Only" information will be discussed or disclosed at the deposition. Each party shall use its best efforts to identify, in sufficient time prior to the deposition, the potential for such objection. Upon such objection, such person shall leave the deposition for the portion in which Protected Information is discussed or disclosed, unless the objection is withdrawn by agreement or a court of competent jurisdiction rules otherwise. Nothing in this paragraph shall preclude the non-objecting party from seeking a ruling on the objection. This paragraph is not intended to preclude any other proper objection to the attendance at a deposition of any person.

B. No documents or other materials designated as Protected Information shall be disclosed to any competitor of the named parties without prior written consent of all parties or order of the Court. In the event that such documents are sought by a third party pursuant to subpoena or court order, the recipient of the subpoena or court order shall give immediate notice to all other parties so that they can object to the production or seek an appropriate protective order prior to the documents' production.

3. **Miscellaneous Provisions.**

A. This Order shall survive the termination of this action and shall continue in full force and effect thereafter.

B. Within 60 days after a ruling finally terminating this action and any appeals therefrom, all Protected Information shall be returned to the producer upon timely request or destroyed, at the option of the non-producing party. Upon request, each party shall provide the producing party with a declaration certifying that all documents required to be returned or destroyed pursuant to the provisions of this paragraph have been returned or destroyed.

C. No document may be filed under seal, or under restriction, without previously obtained Court approval. If any party seeks to file documents under seal pursuant to this Order, that party shall provide to counsel for all parties, contemporaneous with filing the motion for leave to file under seal, a copy of the documents that party seeks to have filed under seal.

D. At the conclusion of this action in the District Court, the parties must seek the return of any previously sealed or previously-restricted documents from the Court, by motion filed within 60 days of the conclusion of this action. Any party may seek withdrawal of such documents, regardless of the party who originally placed the documents under seal or under restriction. Any documents not so withdrawn will thereafter become part of the public case file.

E. This Order may be modified or amended by order of the Court for good cause shown or by agreement of the parties, with the exception that an order of the Court is required to modify or amend Paragraphs 3C and 3D, above.

F. Nothing in this Order shall prevent any party from using any Protected Information in connection with any trial or evidentiary hearing in this action. However, if any Protected Information is used in such a proceeding, it shall not lose its status as Protected Information. To the extent that Protected Information is used in such a proceeding, the party seeking to use the information shall move the Court for admission of the information under seal, as provided in paragraph 3C.

G. Any non-party witnesses, for trial, deposition, or other discovery request, who are called upon to produce their own confidential or proprietary information may opt in to the protections of this Order with respect to such information by advising counsel for all parties in writing and filing a copy of said writing with the Clerk of the Court captioned above.

H. This Order shall apply to all parties to this action and their respective counsel, and all individuals signing a Certification in the form of Exhibit A hereto. This Order shall also apply to any non-party witnesses, either for deposition or at trial, to the extent they receive Protected Information so designated under this Order.

I. The parties hereto acknowledge that no remedy at law exists to adequately compensate them for the wrongful disclosure of Protected Information. The parties may seek to obtain the entry of injunctive or other equitable relief to enforce this Order. Notwithstanding this acknowledgment, where injunctive or other equitable relief cannot prevent the disclosure of such confidential information, the parties may bring a claim for any damages resulting from a wrongful disclosure.

ENTERED:

_____
Honorable Robert W. Gettleman

_____
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARAS LYSSENKO,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNATIONAL TITANIUM POWDER, LLC and STANLEY BORYS,<br><br>    Defendants. | Case No. 07 C 6678<br><br>Judge Robert W. Gettleman<br><br>Magistrate Judge Martin C. Ashman |

## CERTIFICATION

I do hereby certify that I have read the Protective Order (the "Order") issued in the above-styled proceeding, and that I fully understand the terms and conditions of such Order. As a condition precedent to my examination of any of the documents covered by the Order, or my obtaining any information covered by the Order, I hereby agree that the Order shall be deemed to be directed to, and shall include, me, and I shall observe and comply with all provisions of the Order.

Dated this ___th day of _____, 200_.

_____
NAME

_____
Affiliation with Party

_____
Business Address

Subscribed and Sworn to before me
this ___ day of _____, 200_.

_____
   Notary Public