**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **TARAS LYSSENKO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 07 C 6678** |
| | ) | |
| **INTERNATIONAL TITANIUM** | ) | **Judge Robert W. Gettleman** |
| **POWDER, LLC and STANLEY** | ) | |
| **BORYS,** | ) | **Magistrate Judge Martin C. Ashman** |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT INTERNATIONAL TITANIUM POWDER, L.L.C.'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
<u>COUNT II OF PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

Defendant International Titanium Powder, L.L.C. ("ITP"),[1] through its attorneys, submits

the following memorandum of law in support of its Motion to Dismiss Count II of Plaintiff

Taras Lyssenko's ("Lyssenko") First Amended Complaint.[2]

<u>**INTRODUCTION**</u>

After having his claim of retaliatory discharge dismissed by this Court once, Lyssenko

has simply repleaded his claim – making insubstantial changes.  As a result, ITP now must file

this second motion to dismiss the retaliatory discharge claim, and this Court is forced to re-plow

ground already covered.  Lyssenko's amended retaliatory discharge claim fails for the same

reason as his original claim – Lyssenko has not pled any facts sufficient to find a clear mandate

---

[1] The First Amended Complaint adds a count (Count II) containing a claim against ITP
(retaliatory discharge), and not against Defendant Stanley Borys.  Therefore, Defendant Borys
does not join in this motion as he need not file a responsive pleading to the First Amended
Complaint.

[2] Citations to Plaintiff's First Amended Complaint and his original Complaint are
referenced herein as "Amend. Compl." and "Compl." respectively.

of public policy violated by Lyssenko's termination that would support an exception to Illinois'
rule of at-will employment.

## BACKGROUND

ITP has developed, and is in the process of commercializing, a process by which titanium
and titanium alloys can be produced in a cost-effective manner.[3]  For several years, Lyssenko
served as ITP's Director of Government Relations and Business Development.  In that role,
Lyssenko's assigned duties were to contact governmental officials and agencies and seek funding
for ITP's continued efforts to produce low-cost titanium for military and other applications.
Lyssenko's duties also included market development with potential customers to expand ITP's
commercial sales.

However, due to increased business requirements and Lyssenko's job performance,
among other things, ITP terminated Lyssenko's employment in August of 2007 and retained the
services of a Washington D.C. firm specializing in governmental relations.  On November 28,
2007, Lyssenko filed this cause of action.

## ARGUMENT

Count II of Lyssenko's First Amended Complaint – retaliatory discharge – should be
dismissed because Lyssenko cannot identify a clearly mandated public policy that ITP violated
by discharging him.  While Lyssenko refers to an alleged public policy requiring ITP to disclose
that it did not utilize a public bidding process, *this Court has already stated* that there is no
clearly mandated public policy which requires ITP to use a public bidding process.  As a result,
Lyssenko cannot point to a clearly mandated public policy that requires ITP to disclose that it has

---

[3] For purposes of this motion, ITP assumes that the facts as pleaded in the First Amended
Complaint are true.  ITP, however, reserves the right to dispute those facts in later proceedings.

not used such a process.  Lyssenko's allegations that ITP discharged him for complaining about ITP's failure to make such a disclosure must be dismissed.

## I.    <u>Legal Standards</u>

While it is true that on a motion to dismiss, all factual allegations in the plaintiff's complaint are accepted as true, *Home Valu, Inc. v. Pep Boys*, 213 F.3d 960, 963 (7th Cir. 2000), a complaint should still be dismissed if its factual allegations do not raise the plaintiff's right to relief "above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007); *Strategic Reimbursement, Inc. v. HCA, Inc.*, No. 06 C 6501, 2007 WL 2274709, *2 (N.D. Ill. Aug. 2, 2007) (Gettleman, J.).  The plaintiff must present more than labels and conclusions; "a formulaic recitation of the elements of a cause of action will not do."  *Id.*  Here, Lyssenko fails to raise his entitlement to relief under his amended retaliatory discharge claim beyond mere speculation.  As a result, that claim should be dismissed.

## II.    <u>The Tort of Retaliatory Discharge is Narrowly Construed</u>

In Illinois, employers may generally discharge at-will employees for "any reason, good cause or not, or no cause at all."  *Miller v. Ford Motor Co.*, 152 F. Supp. 2d 1046, 1048 (N.D. Ill. 2001) (citing *Crenshaw v. DeVry, Inc.*, 526 N.E.2d 474, 476 (Ill. 1988)).  Illinois courts have recognized a "limited and narrow" exception to this general rule, in the form of the tort of retaliatory discharge. *Id.*  Indeed, opinions are replete with reminders that courts are to "narrowly construe the retaliatory discharge tort and restrict its expansion."  *Rojo v. Mobile Mgmt. Co.*, No. 95 C 3449, 1995 WL 549084, at *2-3 (N.D. Ill. Sept. 8, 1995).  *See also Barr v. Kelso-Burnett Co.*, 478 N.E.2d 1354, 1356 (Ill. 1985); *McGrath v. CCC Info. Servs., Inc.*, 731 N.E.2d 384, 390 (Ill. Ct. App. 1st Dist 2000) (collecting cases stating that the Illinois

"Supreme Court has repeatedly and consistently emphasized a goal of restricting the tort of retaliatory discharge").[4]

To state a claim for retaliatory discharge, a plaintiff must allege that (1) he has been discharged; (2) the discharge was in retaliation for plaintiff's activities; and (3) the discharge violated a clearly mandated public policy. *Arres v. IMI Cornelius Remcor, Inc.*, 333 F.3d 812, 813 (7th Cir. 2003). In his second attempt to plead a claim for retaliatory discharge, Lyssenko again fails to allege a "clearly mandated public policy" that was violated by the termination of his employment, and thus his claim must be dismissed. *See Fowler v. Great Amer. Ins. Cos.*, 653 F. Supp. 692, 693 (N.D. Ill. 1987).

Public policy is "to be found in the State's constitution and statutes and, when they are silent, in its judicial decisions." *Barr*, 478 N.E.2d at 1357. Merely alleging that a statutory or constitutional provision has been violated, however, is not sufficient to state a claim of retaliatory discharge. *Fowler*, 653 F. Supp. at 694. Instead, courts must examine the "history, purpose, language and effect" underlying the cited provisions to determine whether a clear mandate of public policy, justifying an exception to the general rule of at-will employment, exists. *Id.*

---

[4] ITP notes that the availability of the common law tort of retaliatory discharge is an unsettled issue in Illinois. Several federal courts have ruled that the tort of retaliatory discharge (which Lyssenko seeks to apply) has been pre-empted by the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq*. *See, e.g., Riedlinger v. Hudson Respiratory Care, Inc.*, 478 F. Supp. 2d 1051 (N.D. Ill. 2007). While an Illinois appellate court recently ruled that there is no pre-emption, *Callahan v. Edgewater Care & Rehab. Ctr., Inc.*, 872 N.E.2d 551 (Ill. Ct. App. 1st Dist. 2007), the Illinois Supreme Court has yet to decide the issue. Here, pre-emption would bar Lyssenko's retaliatory discharge claim because the Illinois Whistleblower Act does not apply to internal complaints – those made to one's employer – like Lyssenko alleges in this case. (Ex. 1, ¶¶60-63.)

**III.**   **Count II of the First Amended Complaint is Substantially the Same as Count III of the Original Complaint**

In both the original Complaint and the First Amended Complaint, Lyssenko's retaliatory discharge claim relies upon an alleged 'public policy' that favors ITP's use of the public bidding system.  This can best be seen by a side by side comparison of the two pleadings.  For example, Lyssenko's original Complaint attempted to assert the following 'public policy' violation:

> The discharge of Lyssenko in retaliation for his inquiries and challenges to ITP concerning the public-bidding process and improper award of business to Kurkenbach's friend violates a clear mandate of public policy.

(Compl. ¶ 67.)  In his First Amended Complaint, Lyssenko again attempts to assert a 'public policy' violation based on the public bidding process:

> The discharge of Lyssenko in retaliation for his inquiries to ITP concerning the lack of disclosure to ITP investors and board regarding the public-bidding process and award of business to Kurkenbach's friend violates a clear mandate of public policy.

(Amend. Compl. ¶ 61.)  Lyssenko has merely taken his original Complaint's public bidding public policy allegation and repackaged it by now asserting that ITP's failure to use the public bidding process should have been disclosed to ITP's investors and Board in ITP's financial disclosures.  (Amend. Compl. ¶ 57.)[5]

As will be discussed below, Lyssenko can point to no public policy that requires disclosure of ITP's alleged failure to use the public bidding process to potential investors. Therefore, Lyssenko's claim for retaliatory discharge must fail as a matter of law.

---

[5] *Compare also* Compl. ¶¶ 34-36, 58-60, 65 *with* Amend. Compl. ¶¶ 34-36, 51-53, 59.

IV.    **Count II of the First Amended Complaint Fails to State a Claim for Retaliatory Discharge**

Similar to Lyssenko's original Complaint, Lyssenko's amended allegations do not provide this Court with any basis to find a clear mandate of public policy violated by Lyssenko's termination that would support an exception to Illinois' rule of at-will employment.

This Court has already held in this case that "Lyssenko's [retaliatory discharge] claim fails because he does not identify any Illinois public policy – much less a clearly mandated one – that would require ITP to engage in public bidding." (05/06/08 Opinion, p. 5, attached hereto as Exhibit A.) This Court continued that Lyssenko "must provide some basis to conclude that a clearly mandated public policy of Illinois is implicated by his dismissal," and it dismissed his retaliatory discharge count because he failed to do so. (Id., p. 6.) This Court's decision is supported by ample authority. *See Rojo v. Mobile Mgmt. Co.*, No. 95 C 3449, 1995 WL 549084, at *2-3 (N.D. Ill. Sept. 8, 1995) (stating that a claim of retaliatory discharge has been allowed "only where the court recognized that an employer could effectively frustrate a significant public policy . . . , a public policy that goes to the heart of a citizen's social rights, duties, and responsibilities.") (quoting *Long v. Commercial Carriers, Inc.*, 57 F.3d 592, 595 (7th Cir. 1995)).

Lyssenko now attempts to latch on to a vague 'public policy' of "truthful financial disclosures" without curing the underlying (and fatal) defect – that there is no requirement that ITP utilize or disclose its bidding process. While Lyssenko may cite to cases regarding the disclosure of certain legally required financial information in other contexts, Lyssenko's prior briefing has failed to point to a single case identifying a public policy (or any other type of requirement) mandating a private entity (such as ITP) to disclose its decision not to use a public

bidding system. Such a public policy does not exist, and therefore cannot form the basis of a claim for retaliatory discharge.[6]

Indeed, under Lyssenko's purported theory, a private company's failure to disclose *any* financial decision could evidence a "public policy" supporting a retaliatory discharge claim, regardless of whether such a disclosure is actually required. This type of dramatic expansion of retaliatory discharge is counter to Illinois law, as is detailed above. As ITP has pointed out in its prior briefing, a claim for retaliatory discharge cannot rest on a plaintiff's "idiosyncratic view of the law's demands." *Arres*, 333 F.3d at 814; *see also Murphy v. Jason Inc.*, 362 F. Supp. 2d 976, 981 (N.D. Ill. 2005) (Gettleman, J.) (stating that without cause for whistleblowing, employee's actions counter to employer's interests are simply insubordination).

Based on the foregoing, Lyssenko alleges no basis for this Court to apply the limited and narrow exception to at-will employment carved out by the Illinois courts. Count II should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant International Titanium Powder, L.L.C. respectfully requests that this Court dismiss Count II of Lyssenko's First Amended Complaint with prejudice, grant ITP its attorneys' fees in bringing this motion, and grant such other relief as the Court may consider just.

---

[6] Moreover, Lyssenko does not allege that ITP made any misrepresentations or misleading disclosures regarding public bidding. (Amend. Comp. ¶ 57.)

Dated: July 2, 2008                    Respectfully submitted,


                                       /s/_____Matthew D. Lahey_____

                                       Matthew D. Lahey
                                       Schiff Hardin LLP
                                       6600 Sears Tower
                                       Chicago, IL 60606
                                       (312) 258-5500
                                       (312) 258-5600

                                       *Attorney for Defendant, International Titanium
                                       Powder, L.L.C.*