IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARAS LYSSENKO,<br><br>  Plaintiff,<br><br>v.<br><br>INTERNATIONAL TITANIUM POWDER,<br>LLC and STANLEY BORYS,<br><br>  Defendants. | Case No.  07 C 6678<br><br>Judge Robert W. Gettleman<br><br>Magistrate Judge Martin C. Ashman |

**PLAINTIFF LYSSENKO'S OPPOSITION TO ITP'S
MOTION TO DISMISS COUNT II OF THE FIRST AMENDED COMPLAINT**

## INTRODUCTION

Despite Defendant International Titanium Powder, LLC's ("ITP") attempt to mischaracterize Plaintiff Taras Lyssenko's ("Lyssenko") allegations, an examination of the First Amended Complaint demonstrates that Lyssenko adequately set forth his claim for retaliatory discharge. All that federal notice pleading requires is that the complaint "plausibly suggest" a right to relief, and Lyssenko's First Amended Complaint certainly does that. Indeed, Lyssenko specifically considered the guidelines provided in the Court's May 6, 2008 Opinion when he asserted his retaliatory discharge claim. Because full and truthful financial disclosures qualify as a "clearly mandated public policy," and Lyssenko's allegations give ITP fair notice of his retaliatory discharge claim, this Court must deny ITP's motion to dismiss Count II of the First Amended Complaint.

## BACKGROUND

As ITP's Director of Government Relations and Business Development, Lyssenko secured approximately $16.75 million in government funds for ITP, and, in future years, ITP was likely to receive millions more due to Lyssenko's work. (*See* First Am. Compl. at ¶¶ 16, 30,

Docket No. 44, attached hereto as Ex. A.)  Despite Lyssenko's hard work and successful efforts on behalf of ITP, ITP's executives began criticizing him.  (*Id.* at ¶ 31.)  ITP executives for instance displayed frustration when Lyssenko questioned if ITP had fully and truthfully reported to its investors and board the decision to use a friend for construction projects who charged ten percent more than the market rate rather than using the public-bidding system. (*Id.* at ¶¶ 33-36.)  Afterwards, ITP terminated Lyssenko.  (*Id.* at ¶ 37.)

Lyssenko's First Amended Complaint asserts, among other things, a claim for retaliatory discharge.  In filing this revised complaint, Lyssenko specifically considered and attempted to follow the retaliatory discharge guidelines set forth in the Court's May 6, 2008 Opinion.  (*See* 05/06/08 Opinion, Docket No. 27, attached hereto as Ex. B.)  ITP has moved to dismiss the retaliatory discharge claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*See* ITP Mot. and Memo., Docket Nos. 53-54.)  But, as discussed below, Lyssenko sufficiently alleges his retaliatory discharge claim, so this Court should deny ITP's Motion.

## ARGUMENT

Federal courts recognize that a "dismissal is a drastic measure," and dismissals for the failure to state a claim pursuant to Rule 12(b)(6) "are not favored." *Gallagher Corp. v. Mass. Mut. Life Ins. Co.*, 940 F. Supp. 176, 178 (N.D. Ill. 1996); *Indeck Power Equip. Co. v. Jefferson Smurfit Corp.*, 881 F. Supp. 338, 342 (N.D. Ill. 1995).  In fact, the Seventh Circuit has cautioned courts to resist "the temptation to get rid at the earliest opportunity of claims that do not seem likely to pan out" or "to decide the merits" because "[d]ismissal under Rule 12(b)(6) is reserved for complaints that do not state legally cognizable claims." *Vincent v. City of Colls. of Chi.*, 485 F.3d 919, 924 (7th Cir. 2007); *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).

In other words, ITP "must meet a high standard," for its Rule 12(b)(6) Motion to Dismiss should be granted only if the Lyssenko failed to "allege the operative facts upon which each claim is based and include allegations in the complaint that plausibly suggest that [he] has a right to relief." *Follman v. Hospitality Plus of Carpentersville, Inc.*, No. 07 C 2934, 2007 WL 3052962, at *1 (N.D. Ill. Oct. 17, 2007); *Oliphant v. Bradley*, No. 91 C 3055, 1992 WL 153637, at *5 (N.D. Ill. Feb. 20, 1992). And in making this determination, "the court must accept as true all the allegations in the complaint and construe all reasonable inferences in favor of the plaintiff." *Marquez v. Partylite Worldwide*, Inc., No. 07 C 2024, 2007 WL 2461667, at *1 (N.D. Ill. Aug. 27, 2007). As demonstrated below, ITP has not – and cannot – satisfy its high burden of demonstrating that the retaliatory discharge claim does not plausibly suggest a right to relief. Accordingly, this Court should deny ITP's Motion to Dismiss Count II of the First Amended Complaint.

### I. Lyssenko Alleged Sufficient Facts In Support Of His Retaliatory Discharge Claim.

ITP first appears to argue that Lyssenko pled insufficient facts in support of his retaliatory discharge claim. (Def's Memo. at 2-3.) ITP devotes only a few sentences and couple of cases to this argument however, so this Court should deem the argument waived altogether. *See In re Sulfuric Acid Antitrust Litig.*, 234 F.R.D. 646, 659 (N.D. Ill. 2006) ("Perfunctory and undeveloped arguments are generally considered waived."); *Williams v. Danley Lumber Co.*, 129 Ill. App. 3d 325, 325, 472 N.E.2d 586, 587 (2nd Dist. 1984) (deeming issues with little support waived because parties should not "dump the burden of argument and research" on the court).

If addressed, the Court should rule that Lyssenko has alleged sufficient facts for his retaliatory discharge claim. Federal courts do not require fact pleading as the courts of Illinois do. *Vincent*, 485 F.3d at 924. Rather, as the United States Supreme Court recently explained:

> Federal Rule of Civil Procedure 8(a)(2) merely requires a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (partially quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007)). Lyssenko's retaliatory discharge claim easily meets this standard. The First Amended Complaint alerts ITP of the retaliatory discharge claim alleged against it, revealing much "more than labels and conclusions" as ITP suggests. (*See* Ex. A; Def.'s Memo. at 3.) Any facts not alleged are those necessarily within defendant's knowledge, so do not render the retaliatory discharge claim inadequate. *See Stinson v. Physicians Immediate Care, Ltd.*, 269 Ill. App. 3d 659, 662, 646 N.E.2d 930, 932 (2nd Dist. 1995) ("Where facts of necessity are within defendant's knowledge and not within plaintiff's knowledge, a complaint which is complete as the nature of the case allows is sufficient."); *see also In re First Merchants Acceptance Corp. Sec. Litig.*, No. 97 C 2715, 1998 WL 781118, at *8 (N.D. Ill. Nov. 4, 1998) (ruling that plaintiff satisfied even the higher pleading standard of Rule 9(b) "given that most of this information is in the hands of defendants").

That said, Lyssenko's retaliatory discharge claim – which, among other things, alleges that Lyssenko questioned whether ITP fully and truthfully disclosed to its investors and board its decision to hire a friend for construction projects who charged ten percent more than the market rate, ITP's engineer did not want to hire the friend, two ITP executives rebuked Lyssenko for his questions, ITP did not disclose the decision, and ITP terminated Lyssenko in retaliation for his inquiry in violation of the financial disclosure public policy – undoubtedly includes sufficient facts. (*See* Ex. A at ¶¶ 34-37, 49-63.) Accordingly, ITP's challenge to the retaliatory discharge claim lacks merit.

## II. The Failure To Make Full And Truthful Financial Disclosures Is A Clearly Mandated Public Policy Sufficient for Lyssenko's Retaliatory Discharge Claim.

A complaint properly sets forth a claim for retaliatory discharge if the allegations includes three elements: (i) the employee's discharge; (ii) the discharge was in retaliation for the employee's actions; and (iii) the discharge violates a clear mandate of public policy. *Belline v. K-Mart Corp.*, 940 F.2d 184, 186 (7th Cir. 1991). ITP's challenge to Lyssenko's claim relates to the public-policy element. In particular, ITP contends that Lyssenko reasserts the same public policy of failing to utilize the public-bidding process as he did in his initial complaint, and that does not qualify as a clearly mandated public policy.

Contrary to ITP's argument, the First Amended Complaint does not reassert the same public policy. Instead of relying on the public policy of utilizing the public-bidding system, the First Amended Complaint relies on the public policy of full and truthful disclosure of financial information to investors and company boards. (*See* Ex. A at ¶¶ 49-63.) True, part of the financial disclosure Lyssenko alleges relates to the public-bidding system – in that Lyssenko states that ITP failed to disclose its decision to hire an overpriced company friend rather than using the public-bidding process – but that reference to public bidding does not take over Lyssenko's whole claim. Rather, a review of Count II in its entirety shows that the crux of Lyssenko's claim deals with whether ITP fully and truthfully disclosed its decision to hire a friend who charged way more than the market value. This Court must not be lead astray by ITP's selective quotes of Lyssenko's complaints therefore. (*See* Def.'s Memo. at 5.)

And this public policy – the failure to make full and truthful financial disclosures to the company's investors and board – is a clearly mandated public policy. On numerous occasions, courts have ruled that a discharge in retaliation for raising concerns about the full and truthful disclosure of financial information constitutes a violation of a clearly mandated public policy:

> [W]e find that public policy favors full disclosure, truthfulness and accuracy in the financial reports made by businesses to the government and to the public, and that an employee who voices objection to practices which he reasonably believes violate this policy should be protected from being discharged as a result of such objection.

*Johnson v. World Color Press, Inc.*, 147 Ill. App. 3d 746, 750, 498 N.E.2d 575, 578 (5th Dist. 1986); *see also Rojo v. Mobile Mgmt. Co.*, No. 95 C 3449, 1995 WL 549084, at *2-3 (N.D. Ill. Sept. 8, 1995) (reporting all income tax); *Youker v. Schoenenberger*, 763 F. Supp. 361, 363-64 (N.D. Ill. 1991) (reporting use of tax exemptions); *Russ v. Pension Consultants Co.*, 182 Ill. App. 3d 769, 775-77, 538 N.E.2d 693, 696-98 (1st Dist. 1989) (falsifying dates in financial documents); *Petrik v. Monarch Printing Corp.*, 111 Ill. App. 3d 502, 508, 444 N.E.2d 588, 592-93 (1st Dist. 1982) (reporting discrepancies in the corporation's financial records); *cf. Miller-Calabrese v. Cont'l Grain Co.*, No. 96 C 6626, 1997 WL 392340, at *6 (N.D. Ill. July 8, 1997) (refusing to misreport non-financial data to a governmental agency). These courts explain that because a "corporation can speak only through its records," "the record of its acts must be kept faithfully in order to protect the rights of stockholders and persons doing business with the corporation." *Johnson*, 147 Ill. App. 3d at 750, 498 N.E.2d at 577.

This rationale is especially applicable here because for years ITP struggled financially and did not have enough capital even to pay Lyssenko the full amount due under his employment agreement. (*See* Ex. A at ¶ 20.) ITP's investors surely expected a full and truthful report of all financial information as a result, and particularly a report of the important financial information at issue in this case, paying a friend way more than the market value for a company job. ITP's board also deserved a full and truthful disclosure of that financial information.

Moreover, this Court did not reject the financial-disclosure cases in its May 6, 2008 Opinion, but instead discussed the "public policy regarding truthful disclosure of financial

information," and stated that "because the complaint does not allege that plaintiff was terminated for raising concerns about ITP's financial disclosures, or assert that ITP failed to make truthful financial disclosures, his arguments and authorities" about that policy are "irrelevant." (*See* Ex. B at 6.) While Lyssenko's initial complaint may not have included the necessary allegations, the First Amended Complaint certainly does:

> Lyssenko reminded [ITP executive] of his duty to the Board and to the investors to conduct the business properly and to disclose financial transactions in a full and truthful manner, but [the executive] took no action. ... ITP did not disclose to ITP investors and board, in a full and truthful manner, the financial information relating to awarding construction projects to Kurkenbach's friend [who charged ten percent more than the market value]. ... ITP terminated Lyssenko in retaliation for Lyssenko's inquiries and challenges to [ITP executives] concerning ITP's financial disclosure. ... Public policy favors full disclosure and truthfulness in financial reports to investors and company boards.

(Ex. A at ¶¶ 56-57, 59-60.) And ITP practically admits as much in its Motion, noting that Lyssenko "now attempts" to assert the "public policy of truthful financial disclosures." (*See* Def.'s Memo. at 6.)

Furthermore, ITP even acknowledges that Lyssenko cites cases that validate the public policy of financial disclosures and makes no attempt to discredit the case holdings. (*Id.*) The best that ITP can do is claim that they are not applicable because they do not reference the specific type of financial disclosure at issue here. But the cases discuss the same exact public policy of truthful financial disclosures in circumstances consistent with the present case. Finally, contrary to ITP's suggestion, it is irrelevant whether the financial disclosure was "actually required." (*Id.* at 7.) The plaintiff need not allege whether the employer's actions or inactions were required by the law; they just must contravene public policy. *See Stebbings v. Univ. of Chi.*, 312 Ill. App. 3d 360, 369, 726 N.E.2d 1136, 1143 (1st Dist. 2000). Thus, this Court should

deny ITP's motion to dismiss the retaliatory-discharge claim in Lyssenko's First Amended Complaint.

## CONCLUSION

Plaintiff, Taras Lyssenko, respectfully requests that this Honorable Court (i) deny Defendant International Titanium Powder, LLC's Motion to Dismiss Count II of Plaintiff's First Amended Complaint; and (ii) award Taras Lyssenko such other and further relief that this Court deems appropriate.

Respectfully submitted,
TARAS LYSSENKO

By: /s/  Gia F. Colunga<br>One of His Attorneys

Anthony J. Carballo
Gia F. Colunga
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606-6677
312.360.6000

Dated: July 28, 2008

**CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys of record for Plaintiff Taras Lyssenko, certifies that she caused a copy of Plaintiff Lyssenko's Opposition to the ITP's Motion to Dismiss Count II of the First Amended Complaint to be served on upon:

> Matthew D. Lahey
> Nora Kersten Walsh
> Schiff Hardin LLP
> 6600 Sears Tower
> Chicago, Illinois 60606
> mlahey@schiffhardin.com
> nkerstenwalsh@schiffhardin.com

via the Court's electronic filing system.

/s/   Gia F. Colunga

1588264v2